**MEMO ENDORSED**

# FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

JONATHAN D. LUPKIN

WRITER'S DIRECT DIAL
(212) 412-9579
jlupkin@fzwz.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-29-11

August 24, 2011

**BY FACSIMILE**

Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10021

Re: Egiazaryan v. Zalmayev (11 Civ. 2670)(PKC)

Dear Judge Castel:

This firm represents plaintiff Ashot Egiazaryan in the above-referenced matter. Pursuant to your Honor's Individual Rules of Practice, we write respectfully seeking leave to make a motion to dismiss the counterclaims recently asserted against Mr. Egiazaryan by defendant Peter Zalmayev. Mr. Egiazaryan's time to answer, move or otherwise respond to the counterclaims presently expires on Friday, September 2, 2011.

[Handwritten endorsement: Premotion conference waived for proposed motion to dismiss the counterclaim. SO ORDERED / PKC USDJ 8-29-11]

**Brief Background**

As the Court may recall, this is an action for defamation and injurious falsehood brought by Mr. Egiazaryan, a successful businessman and member of the Russian legislature. Plaintiff contends that defendant Peter Zalmayev has participated in a malicious disinformation campaign against Mr. Egiazaryan as part of an illegal Russian "corporate raid" and the byproduct of Mr. Egiazaryan's fall into political disfavor in Russia. After challenging the legality of the illegal raid in Russia and then through international litigations, Mr. Egiazaryan and his family have been prevented from returning to Russia from the United States out of concern for their personal safety. The campaign against Mr. Egiazaryan is intended to force him to return to Russia, where he and his family will be subject to loss of life and liberty, and to coerce him to abandon his legal claims relating to the illegal Russian "corporate raid."

Plaintiff further alleges that defendant has played a key role in the campaign against Mr. Egiazaryan through his participation in an elaborate negative public relations and lobbying effort. To further these illegitimate efforts, Mr. Zalmayev has communicated false, defamatory and injurious statements to prominent individuals, including noted human rights advocates, and written an article for a prominent Jewish magazine stating that plaintiff is,

Hon. P. Kevin Castel
August 24, 2011
Page 2 of 4

among other things: (1) anti-Semitic, (2) anti-American, (3) a leader of the Liberal Democratic Party of Russia ("LDPR"), an ultra-nationalist party in Russia associated with anti-Semitism, anti-Americanism, Holocaust denial, and that blames the Jews for sparking the Russian revolution, World War II, and 9/11, (4) a significant contributor to a climate of ethnically-based intolerance and xenophobia in Russia, (5) a human rights violator, and (6) a corrupt Russian legislator who has embezzled funds intended for war-torn Chechnya.

Mr. Egiazaryan's complaint asserts four separate counts of defamation and one count of injurious falsehood. Defendant moved to dismiss three of the four defamation counts and the injurious falsehood count. That motion is fully briefed and has been *sub judice* as of August 16, 2011. The parties are proceeding with discovery on all claims in accordance with the Court's Civil Case Management Plan and Scheduling Order.

### Defendant Asserts Defective Counterclaims That Should Be Dismissed In Their Entirety

Defendant answered the Complaint on August 5, 2011 and, simultaneously, interposed two separate counterclaims in a pleading laced with salacious allegations that are completely unrelated to Mr. Zalmayev's countersuit. Premised upon the filing of the present action, the counterclaims assert claims for defamation and violation of *Civil Rights Law* §§ 70-a and 76-a (New York's anti-SLAPP legislation). Both counterclaims are fatally flawed as a matter of law and warrant dismissal.

Mr. Zalmayev's defamation claim arises from allegations that subsequent to the commencement of this litigation, Mr. Egiazaryan and his "representatives" circulated copies of the complaint and made unspecified defamatory statements about Mr. Zalmayev to unspecified third parties at unspecified times. (Counterclaim, ¶¶36, 37, 39, 42). Defendant's claim proceeds from the erroneous premise that "[t]he circulation of the complaint eliminates the complaint's judicial privilege and Mr. Egiazaryan's immunity." (Counterclaim, ¶ 47).

Mr. Egiazaryan's motion will establish that the "defamatory" conduct alleged, even if true and adequately pled (which we dispute), is protected by one of two absolute privileges under New York law. *New York Civil Rights Law* § 74 provides, in pertinent part, that:

> "A civil action cannot be maintained against any person . . . for the publication of a fair and true report of any judicial proceeding . . . ."

Hon. P. Kevin Castel
August 24, 2011
Page 3 of 4

Also known as the "Fair Reporting Privilege," § 74 has been held explicitly to apply to an attorney's dissemination of a complaint as well as an attorney's fair summary of allegations in a lawsuit. *See, e.g. Fishof v. Abady*, 280 A.D.2d 417 (1st Dep't 2001) (immunizing circulation of pleading to press); *Ford v. Levinson*, 90 A.D.2d 464 (1st Dep't 1984) (immunizing statement made by attorney to press summarizing pending litigation).

Some or all of the defamatory conduct alleged in the complaint may also be immune pursuant to the common law litigation privilege. In New York, the litigation privilege provides absolute immunity not only to statements made in the courthouse, but also to "all pertinent communications among the parties, counsel, witnesses and the court . . . whether orally or in writing." *Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 170-78 (1st Dep't 2007); *see also Lachner v. Engel*, 33 A.D.3d 10 (1st Dep't 2006). That which constitutes a statement that is "pertinent" to a litigation has been viewed expansively, covering "anything that may possibly be pertinent or which has enough appearance of connection to the case." *Lachner*, 33 A.D.3d at 14. Applied to his counterclaims, to the extent that Mr. Zalmayev seeks to hold Mr. Egiazaryan liable for statements to third parties that are pertinent to the litigation, including statements to potential witness, such statements would be absolutely immune from defamation claims under New York's litigation privilege as well.

Defendant's second counterclaim, brought pursuant to New York's anti-SLAPP legislation is equally without merit and must be dismissed. Among other things, defendant has not and cannot plead that plaintiff is a "public applicant" within the meaning of Civil Rights Law § 76-a(1)(b) or that plaintiff's action against defendant is an "action involving public petition and participation" under Civil Rights Law § 76-a(1)(a).

In the alternative, in the unlikely event that the counterclaims are permitted to proceed, plaintiff will move, pursuant to Fed.R.Civ.P. 12(f) to strike from the counterclaims certain scandalous allegations that have been made solely to humiliate Mr. Egiazaryan and paint him in the most unflattering light. (Counterclaim, ¶¶ 23, 25, 28, 32). Were these allegations, which are wholly unrelated to the counterclaims, permitted to remain, Mr. Egiazaryan and his family (two members of which have already been subpoenaed to testify) will be subject to demeaning and invasive discovery.

Hon. P. Kevin Castel
August 24, 2011
Page 4 of 4

**Conclusion**

    For the foregoing reasons, Mr. Egiazaryan respectfully requests leave to move against defendant's counterclaims.

                                 Respectfully,

                                   Jonathan D. Lupkin

cc: James P. Golden, Esq. (via e-mail)
     Andrew J. Ryan, Esq. (via e-mail)