# EXHIBIT 11

# DECLARATION

1. My name is Andrey Gloriozov and I am citizen of Luxemburg (my passport G31X7Z1, a copy is attached as Exhibit A hereto). I was previously a Russian citizen.

2. Beginning in about 1998 I started to work for Ashot Egiazaryan as an international money manager and as a person who acted as a named owner of offshore companies while in fact these companies were owned either directly or indirectly by Ashot Egiazaryan.

3. About 1998 in two wires I arranged the transfer of 20 000 000 (twenty millions) US dollars to a Nevada entity (a limited partnership) from two offshore companies "Gascony Ltd." (BVI) and "Cavali Foundation" (Liechtenstein). Although I was the beneficial owner of "Gascony Ltd." while my partner Edward Nimmo-Smith (a UK subject and a resident of Luxemburg) was the beneficial owner of "Cavali Foundation" the twenty millions that I transferred to the Nevada entity was Ashot Egiazaryan's money. It is my understanding that the Nevada entity which had a bank account with the Bank of America in Las Vegas was used by Suren Egiazaryan as the bank account to pay Egiazaryans expenses in Los Angeles for approximately 10 years. I do no have any information whether the principal amount and the accumulated interest were declared in the US as the Ashot Egiazaryan's assets or income.

4. It is my understanding that the US Internal Revenue Service is currently seeking information on the sources and use of this twenty million transfer. In that connection I was contacted by Suren Egiazaryan in August and September 2011 and asked to sign a back dated July 1, 2001, promissory note as a payee so that the twenty millions dollars could be reflected as a loan. Ashot Egiazaryan called me by phone asking to sign this note. Copies of emails from Suren Egiazaryan to me and the copy of the proposed promissory note are attached as Exhibit B.

5. Artem Egiazaryan was involved in many of the companies referenced to in paragraph 2 above and in certain cases was himself the ultimate beneficial owner of certain of these companies. The reason why I acted as a named owner of these companies was to minimize Ashot Egiazaryan's and Artem Egiazaryan's identification and direct involvement in these companies, including for safety reasons. Attached as Exhibit C hereto is a partial listing of these companies in which I acted as a named owner for Ashot Egiazaryan. I do no have any information whether the assets of these companies or shares in them were declared as assets or income of Ashot Egiazaryan's and Artem Egiazaryan in the USA.

6. I also made in different transfers at the instructions of Ashot Egiazaryan, *inter alia* the transfer of 3 000 000 (three millions) US dollars from my company "OOO Decorum Corp. Limited" to company "Mogford Impex Corporation".

7. I have read the foregoing and I swear that it is true and correct.

06 octobre 2011

[signature]
Andrey Gloriozov

Redacted


Guide pratique pour contrôler les éléments de sécurité de la page des données
<<LUXGLORIOZOV<<ANDREY<<<<<<<<<<<<<<<<<<<<<<



RTGYRTGERGT ERTERTGERTRDRG <gloriozov@gmail.com>

# Fw: note

2 messages

**Surok <surok45@sbcglobal.net>** **2 août 2011 02:07**
Répondre à: Surok <surok45@sbcglobal.net>
À: gloriozov@gmail.com

Andrei,privet.Can You please sign it and send it to;2120 N.Beverly Dr.Beverly Hills,CA,90210,USA.Thank You,Suren.
----- Original Message -----
**From:** alexander ginzburg
**To:** surok45@sbcglobal.net
**Sent:** Monday, August 01, 2011 4:51 PM
**Subject:** note

Dear Suren:

Attached is the Note. Please contact me if you have any questions.

**Alexander R. Ginzburg**
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Blvd.
Suite 1840
Los Angeles, CA 90025
Main: (310) 914-3222
Fax: (310) 914-4242

**SKMBT_75111080117410.pdf**
161K

**RTGYRTGERGT ERTERTGERTRDRG <gloriozov@gmail.com>** **3 août 2011 13:59**
À: talent@vo.lu

[Texte des messages précédents masqué]

**SKMBT_75111080117410.pdf**
161K



RTGYRTGERGT ERTERTGERTRDRG <gloriozov@gmail.com>

# Fw: Promissory Note

1 message

**Surok <surok45@sbcglobal.net>** **1 septembre 2011 03:14**
Répondre à: Surok <surok45@sbcglobal.net>
À: gloriozov@gmail.com

Privet,attorney said its better to put me personally.Please do the same.Spasibo Suren.
----- Original Message -----
**From:** LA Business Consulting LABC
**To:** surok45@sbcglobal.net
**Sent:** Wednesday, August 31, 2011 4:35 PM
**Subject:** Promissory Note

--

**LA Business Consulting**
**Business Management Company**

**971 N. La Cienega Blvd STE 202**
**Los Angeles, CA 90069**
**TEL: 310 358-5777**
**FAX: 310 358-5778**
**www.businessla.net**
**info@businessla.net**

CONFIDENTIALITY NOTICE: The information contained in this electronic mail transmission and any attachments is confidential and is intended to be sent only to the addressed recipient of the transmission. It may, therefore, be protected from unauthorized use or dissemination by various federal or state laws. If you are not the addressed recipient or the recipient's authorized agent, you are hereby notified that any review, use, dissemination, disclosure, distribution or copying of this communication is strictly prohibited. If you are not the addressed recipient, you must notify us immediately by telephone or e-mail and delete this transmission and any attachments, as well as destroy all copies in any form.

**PROMISSORY NOTE SECURED BY REAL PROPERTY.doc**
39K

# PROMISSORY NOTE SECURED BY REAL PROPERTY

U.S. $20,400,000.00

July 01, 2001

Los Angeles, CA

FOR VALUE RECEIVED, and Suren Egiazaryian, an individual residing in the Los Angeles County, California ("Maker")/ promise to pay to the order of Andrei Gloriozov("Payee") , in lawful money of the United States of America, at Los Angeles, CA, or such other place as Payee shall direct, the principal sum of Twenty Million and Four Hundred Thousand Dollars (U.S. $20,400,000.00) ("the Principal") together with simple interest of 2.5% per year compounded annually on said Principal sum outstanding (collectively, the "Debt").

1. Security. This Promissory Note is secured by Maker's interest in the real property located at 13 Znamenka Street STR. 1, Units 11-12, in Moscow, Russia. Maker hereby represents and warrants that he is the sole owner of said property and he owns it outright without any encumbrances. Maker shall execute any additional documents required and/or demanded by Payee to perfect Payee's security interest in said property in Moscow. Maker or his successors in interest, shall not without the consent in writing of the Payee, attempt to sell, transfer, convey, encumber or permit to be sold, transferred, encumbered or conveyed, his interest in said real property. Should Maker or his successors in interest, without the consent in writing of the Payee, attempt to sell, transfer, encumber or convey, or permit to be sold, transferred, encumbered or conveyed, his interest in said real property, or any part thereof, then the Payee may, at his option, declare all sums secured hereby immediately due and payable.

2. Method of Payment. Repayment of the Debt shall be made in one lump sum on or before July 1, 2021. The payment of Principal together with interest shall be made to Payee at its address specified herein or at any other address of Payee which is specified in writing by Payee to Maker at least fifteen (15) business days prior to the date when such payment is due.

INITIALS:

Suren Egiazaryian ________

3 Default. In the event Maker fails to make the repayment of the Debt as stated hereinabove, then the entire Debt then remaining unpaid hereunder, at the option of the Payee and without notice, shall become immediately due and payable. Failure to exercise any such option shall not constitute a waiver of the right to exercise the same at a later time or in the event of any subsequent default.

4. No Waiver. Each and every one of the rights, remedies, options and benefits provided herein to Payee or the holder hereof, shall be cumulative and shall not be exclusive of any other rights, remedies or benefits provided by law. Neither the failure nor delay by Payee or the holder hereof to exercise any right, remedy, option, power or privilege hereunder shall operate as a waiver of the right to exercise the same at a later time; nor shall any single or partial exercise of any such right, remedy, option, power or privilege by Payee or the holder hereof operate as a waiver of any such right, remedy, option, power or privilege.

5. Waiver of Presentment. Maker and all endorsers, and all persons who are liable or who may hereafter become liable under this Note, jointly and severally, hereby expressly waive presentment for payment, demand, notice of nonpayment, notice of dishonor, protest of any dishonor, notice of protest, diligence-in collection and notice of any other kind in connection with this Note.

6. Governing Law, Venue and Personal Jurisdiction. This Note shall be construed in accordance with and governed by the laws of the State of California (without giving effect to choice of law principles). The proper Venue shall be Los Angeles, CA, and both parties shall be deemed to have consented to the Personal Jurisdiction in the State of California.

7. Litigation Fees and Expenses. In the event Arbitration or Judicial proceedings are brought to enforce any provision or declare a breach of this Promissory Note, the prevailing party shall be entitled to recover, in addition to any other amounts awarded, reasonable legal and other related costs and expenses, including attorney's fees, incurred thereby.

8. Application of law. The parties hereto intend and believe that each provision of this Note comports with all applicable local, state and federal laws and judicial decisions. However, if any provision or provisions or if any portion of any

INITIALS:

Suren Egiazaryian ________

provision or provisions in this Note is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law, administrative or judicial decision, or public policy and if such court should declare such portion, provision or provisions of this Note to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such portion, provision or provisions shall be given force to the fullest possible extent that it or they are legal, valid and enforceable, that the remainder of this Note shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations and interests of Maker and the holder hereof under the remainder of this Note shall continue in full force and effect. All agreements herein are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to the holders hereof for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under applicable usury laws. If, from any circumstances whatsoever, the fulfillment of any provision hereof shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity; and if, from any circumstance the Payee shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the unpaid principal balance due here under and not to the payment of interest.

9. Captions. The captions and headings of various Sections of this Note are for convenience only and are not to be considered as defining or limiting in any way, the scope or intent of the provisions hereof.

10. Addresses of the Parties and Notices. All notices, requests, demands and other communications which any party hereto may be required or may desire to give hereunder shall be in writing, including telegrams, and shall have been deemed duly given upon delivery, if personally delivered or sent by overnight mail or registered or certified mail, properly addressed, and postage or other cost prepaid, return receipt requested (if available), or by telegram, rate paid, confirmation requested to the parties' addresses as follows:

INITIALS;

Suren Egiazaryian ________

Makers:

Suren Egiazaryian

Address:

655 Endrino Place,
Beverly Hills, CA 90210

Payee:

Andrei Gloriozov

Address:

11. Modification, Waiver. No modification, waiver, amendment, discharge or change of this Note shall be valid unless the same is in writing and signed by the party against which the enforcement of such modification, waiver, amendment, discharge or change is sought.

12. Successors and Assigns. This Note shall inure to the benefit of and shall be binding on the parties hereto and their respective successors and assigns.

Maker has caused this Note to be executed as of the day and year first set forth above.

**MAKER:**

Suren Egiazaryian

**PAYEE:**

Andrei Gloriozov

EXHIBIT C

Adecco Corporate Service Ltd. (BVI).

Mistral Capital Management Ltd. (BVI).

Clemens International Holdings Inc. (BVI).

Longlake Holdings Limited (Cyprus).

Skendleby Investments Limited (Cyprus).

Famulatus Limited (Cyprus).

(GLORIOZOV A.)