Jonathan D. Lupkin, Esq.
Jason T. Cohen, Esq.
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza, 35th Floor
New York, NY 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
Email: jlupkin@fzwz.com
Email: jcohen@fzwz.com

*Attorneys for Plaintiff Ashot Egiazaryan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| ASHOT EGIAZARYAN, | 11 CV 02670 (PKC) (GWG) |
| Plaintiff, | |
| -against- | ECF |
| PETER ZALMAYEV, | **DECLARATION OF** <br> **JASON T. COHEN** |
| Defendant. | |

-----------------------------------------------------------x

JASON T. COHEN, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I submit this reply declaration on behalf of plaintiff Ashot Egiazaryan in further support of plaintiff's cross-motion to compel Rinat Akhmetshin to consent to Google Inc.'s ("Google") compliance with the subpoena *duces tecum* issued by plaintiff to Google and dated July 16, 2012 (the "Google Subpoena"). The main purpose of this brief reply is to correct three significant factual inaccuracies and omissions in the papers submitted by Mr. Akhmetshin in further support of his motion to quash the Google Subpoena. (Docket Entry #s 177 and 176, respectively.)

2. Before addressing the inaccuracies, it is significant to note that Mr. Akhmetshin's recently-filed declaration makes clear the relevance of the documents in Google's possession. It

acknowledges that Mr. Akhmetshin, defendant's principal co-conspirator in the campaign against Mr. Egiazaryan, is a well-connected, under-the-radar operative, with ties to the highest levels of Russian law enforcement, among others.[1] Mr. Akhmetshin's acknowledgment of his access to and relationships with these officials supports strongly the central allegations made by Mr. Egiazaryan in his complaint. These allegations are therefore relevant to rebut defendant's counterclaim. The relevance of the documents sought by the Google Subpoena is also made clear by Magistrate Judge Gorenstein's view, stated in a conference on Friday, August 24, 2012, that the dismissal of Mr. Egiazaryan's affirmative claims does not narrow the scope of discovery in this case.

3. Mr. Akhmetshin's first erroneous contention is that if the Court requires compliance with the Google Subpoena, then Mr. Egiazaryan will have access to sensitive communications between Mr. Akhmetshin and his clients, which include "national governments or high ranking officials in those governments." (*See* Akhmetshin Decl., ¶ 5.) Mr. Akhmetshin further posits that the disclosure of this sensitive information "could put individual lives at risk."[2] *Id.* Mr. Akhmetshin suggests that this may possibly include American lives because the interests of the foreign government(s) he works for are allegedly partially aligned with the interests of the United States government. No evidence is offered for this proposition other than Mr. Akhmetshin's self-serving statement. Moreover, the United States government is perfectly capable of intervening on its own behalf in the very unlikely event that disclosure of the contents

---

[1] *See* Declaration of Rinat Akhmetshin ("Akhmetshin Decl.") at ¶ 5; *accord* Reply Brief in Further Support of Mr. Akhmetshin's Motion to Quash ("Reply Br.") at 2.

[2] Mr. Akhmetshin has showed no similar high-minded concern in his anti-Egiazaryan campaign for the lives of Mr. Egiazaryan and his family, who have been subjected to documented death threats originating from some of the very foreign interests with whom he has been collaborating.

2

of Mr. Akhmetshin's personal Gmail account poses a threat to any legitimate national security interests.

4.  Mr. Akhmetshin's argument is also unavailing because it is materially misleading. In an attempt to address Mr. Akhmetshin's concerns, counsel for Mr. Egiazaryan proposed that any documents collected by Google be produced directly and exclusively to Mr. Akhmetshin's counsel so as to enable counsel to conduct an appropriate review and screening. The proposal provided further that once counsel reviewed the documents, we could then discuss (and, if necessary, litigate) what materials collected pursuant to the Google Subpoena should be produced in this litigation. (*See* e-mail from Jonathan D. Lupkin to Kim H. Sperduto, dated August 20, 2012, attached as Exhibit 10.) As noted in the e-mail to Mr. Sperduto, "the thought process behind this proposal is to put Mr. Akhmetshin in the same position he would have been in if he personally had access to the e-mails in his Google account. The current proposal would simply remove Google from the equation." Although Mr. Akhmetshin's counsel never responded to this proposal, we remain willing to abide by the procedures set forth in the proposal or work out other reasonable and adequate protections.

5.  The second inaccuracy is Mr. Akhmetshin's assertion that Mr. Zalmayev had neither the requisite "control" over him nor the "practical ability" to obtain any of Mr. Akhmetshin's e-mails responsive to plaintiff's document requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. (*See* Reply Br., pp. 3-4.) While this issue does not need to be determined at this juncture, suffice it to say that according to Mr. Akhmetshin's own testimony, the Egiazaryan campaign was "Peter Zalmayev's project," that he (Akhmetshin) "assisted" Mr. Zalmayev with the project and that he (Akhmetshin) was paid at least $10,000 by Mr. Zalmayev

3

for his work on that project. (Transcript of the Deposition of Rinat Akhmetshin ("Akhmetshin Transcript"), taken on March 20, 2012, pp. 170-75, attached as Exhibit 11.)

6. The last misstatement to be addressed here is Mr. Akhmetshin's claim that he cannot be accused of spoliating evidence because he "was never properly served with a subpoena." (Reply Br., p. 5; *see also* Akhmetshin Decl., ¶ 2 ("My counsel received a subpoena for me sometime late last year that was issued by Mr. Egiazaryan.").) As evidenced by the affidavits of service attached collectively to this declaration as Exhibit 12, both Mr. Akhmetshin and his company, International Eurasian Institute for Economic and Political Research, were properly served with subpoenas on October 23, 2011. We provided Mr. Akhmetshin's counsel with copies of these affidavits late last year. (*See* e-mail from Anne B. Nicholson to Kim H. Sperduto, dated December 1, 2011, and annexed affidavits of service, attached hereto as Exhibit 13.) For obvious reasons, Mr. Akhmetshin never moved to quash for improper service. Perhaps just as important, Mr. Akhmetshin and Mr. Zalmayev were obligated to preserve evidence from the outset of this litigation, at the latest. There is no doubt that Mr. Akhmetshin was promptly notified of the commencement of the action by Mr. Zalmayev. *See, e.g.*, Exhibit 11, Akhmetshin Transcript, pp. 17-18. Given Mr. Akhmetshin's central role in the campaign, both he and Mr. Zalmayev have been under an ongoing duty to take appropriate steps to preserve evidence prior to and irrespective of the issuance of the Akhmetshin subpoena. *Kronish v. United States*, 150 F.3d 112, 126 (1998) ("This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation-most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.")

For the foregoing reasons, this Court should grant Mr. Egiazaryan's cross-motion for an order, compelling Mr. Akhmetshin to consent to Google's compliance with the subpoena.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on August 28, 2012.

_____
JASON T. COHEN