UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ASHOT EGIAZARYAN,

                Plaintiff,

      -against-

PETER ZALMAYEV,

                Defendant.
------------------------------------------------------------x

11 CV 02670 (PKC) (GWG)

## DECLARATION OF JOHN LOUGH

JOHN LOUGH hereby declares as follows:

1. I am Vice-President of BGR Gabara, Limited ("BGR"). BGR is a public relations firm with offices in London, England.

2. BGR was retained as of February 12, 2011 to provide services to assist with ongoing and anticipated litigation, including counteracting a global "black" public relations campaign being waged against Ashot Egiazaryan. It was felt at the time that the pubic relations campaign against Mr. Egiazaryan was intended to or could negatively impact Mr. Egiazaryan's legal status and legal issues, including by influencing arbitrators, judges, administrative officials and others who could decide legal issues relating to Mr. Egiazaryan. Accordingly, BGR advised counsel for Mr. Egiazaryan as to what might be effectively done on the public relations front to help counteract the campaign, so they could properly advise their client as to the appropriate course of action in light of his wider litigation interests. In doing so, BGR was part of Mr. Egiazaryan's overall litigation team and expected that its privileged communications would remain privileged.

3. In July 2011, BGR's confidential and privileged working relationship with Flemming Zulack Williamson Zauderer LLP ("FZWZ") was expanded to include discovery proceedings in this case. BGR, including its information technology officer, in-house counsel,

principals and staff, undertook a significant effort to assist FZWZ's collection of documents from BGR and relevant affiliates in response to Peter Zalmayev's Request For Documents Directed to Ashot Egiazaryan, dated July 18, 2011, a copy of which is annexed as Exhibit 1. During this discovery project, BGR reasonably expected that its communications and document-sharing with FZWZ were confidential and protected in order to promote the legal interests of our shared client, Mr. Egiazaryan. Revised Privilege Log Document numbers 4, and 14-16 pertain to this effort and are annexed collectively as Exhibit 2.

4. In August 2011, we learned that BGR would be served imminently with subpoenas from Mr. Zalmayev, and I communicated internally with my BGR colleagues regarding how best to respond to the subpoenas. We continued with FZWZ as our outside legal counsel given FZWZ's extensive knowledge of the proceedings and familiarity with and representation of our shared client. Moreover, we were comfortable with FZWZ and our relationship with them as a result of our working with and confiding in FZWZ during the large-scale production of BGR documents discussed above. Revised Privilege Log Document numbers 24-29 pertain to these communications and are annexed collectively as Exhibit 3.

5. BGR executed formal retainer agreements with FZWZ on September 6, 2011. Copies of the September 6, 2011 retainer agreements among BGR, FZWZ, and Mr. Egiazaryan are annexed collectively as Exhibit 4.

6. In executing the September 6, 2011 retainer agreements with FZWZ, BGR believed that it was merely documenting the privileged attorney-client relationship that had been established in July 2011. BGR and FZWZ worked as a team with the common interest of providing legal advice to Mr. Egiazaryan. BGR expected that our communications with FZWZ were privileged and confidential for this explicit purpose. Absent such protections, BGR would be substantially hindered in providing its services to clients such as Mr. Egiazaryan.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed in London, England on 23 January 2013.

*[signature]*
John Lough

3