UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHOT EGIAZARYAN           : | |
| : | |
| v.                        : | Case No. 1:11-cv-02670 |
| : | (PKC)(GWG) |
| : | |
| PETER ZALMAYEV             : | |
| : | |

**PETER ZALMAYEV'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETER ZALMAYEV'S CROSS MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| INTRODUCTION | ................................................ | 1 |
| ARGUMENT | ................................................ | 2 |
| I. | EGIAZARYAN'S COMPLAINT AND AMENDED COMPLAINT WERE WITHOUT SUBSTANTIAL BASIS ................ | 2 |
| | A. Dismissal Of the Complaint And Amended Complaint On Rule 12 Grounds .............. | 2 |
| | B. Egiazaryan had No Substantial Basis ....... | 3 |
| II. | EGIAZARYAN FILED A SLAPP SUIT ................. | 4 |
| | A. The Court Ruled Twice That The Case Is A SLAPP Suit ............................... | 4 |
| | B. All The Requirements For A SLAPP Suit Exist ..................................... | 5 |
| | 1. Egiazaryan's Asylum Application Makes Him A Permittee/Applicant ...... | 5 |
| | 2. Zalmayev Publically Challenged The Asylum Application ................... | 6 |
| III. | Zalmayev Suffered Recoverable Damages .......... | 6 |
| IV. | ZALMAYEV IS ENTITLED TO SUMMARY JUDGMENT ON LIABILITY ....................................... | 9 |
| CONCLUSION | ................................................ | 9 |

**TABLE OF CITATIONS**

|  | Page |
|---|---|
| <u>Egiazaryan v. Zalmayev</u>, No. 11 Civ. 2670, 2011 WL 6097136 (S.D.N.Y. Dec.7, 2011) .................................. | 4, 5 |
| <u>Garland-Sash v. Lewis</u>, 2009 WL 3227297 C.A.2 (N.Y.) .............................................................. | 7 |
| <u>Gilman v. Spitzer</u>, 2012 WL 4510681 (S.D.N.Y. Oct. 1, 2012) ............................................................. | 4 |
| <u>Westerbeke Corp. v. Daihatsu Motor Co Ltd.</u>, 304 F.3d 200, 219 (2d Cir. 2002) ............................................. | 5 |
| Fed. R. Civ. P. 12 ..................................... | 2, 3 |
| CPLR 3211 and 3212 .................................... | 2 |
| N.Y. Civ. Rights Law § 70-a ........................... | 2, 7, 8 |
| N.Y. Civ. Rights Law § 76-a ........................... | 2 |

**INTRODUCTION**

In Ashot Egiazaryan's memorandum of law in further support of his motion for summary judgment and in opposition to Peter Zalmayev's cross motion for summary judgment, Egiazaryan ignores this Court's prior rulings against him.  Egiazaryan also mischaracterizes Zalmayev's arguments and misstates the law.  Egiazaryan asserts that Zalmayev misconstrues the legal standard for whether the lawsuit had a substantial basis in fact and law, claims that Zalmayev "ignores plaintiff's actual defamation claims"--which is completely untrue—-and attempts to reopen once again the issue of whether the Egiazaryan's asylum application (made public by Egiazaryan himself) and Zalmayev's public petition and participation against it, which form the basis of Egiazaryan's defamation claim, properly fall under the purview of New York's anti-SLAPP statute.  Finally, Egiazaryan asserts that Zalmayev is not entitled to recover any damages, claiming that Zalmayev does not meet any damage standard in the statute and, even if Zalmayev does, the Court should exercise its discretion and preclude any recovery.  None of Egiazaryan's arguments are new and none have merit.

This is a reply brief.  No acquiescence should be inferred because Zalmayev does not reply to every point Egiazaryan asserts.

**ARGUMENT**

    I.    **EGIAZARYAN'S COMPLAINT AND AMENDED COMPLAINT WERE WITHOUT SUBSTANTIAL BASIS**

        A.    Dismissal Of The Complaint And Amended Complaint On Rule 12 Grounds

Egiazaryan argues that this Court's prior dismissal of Egiazaryan's complaint does not establish that that the complaint lacked a substantial basis. According to Egiazaryan, Zalmayev's assertion that the dismissal of the complaint conclusively establishes that the complaint was brought without a substantial basis, "is inconsistent with New York state and federal law, and is belied by defendant's prior judicial admission to the contrary." (Egiazaryan memorandum (Dkt. 235) at 3). For the reason set forth in Zalmayev's memorandum of law in opposition to Egiazaryan's motion for summary judgment and in support of Zalmayev's cross motion at pages 14-20, Egiazaryan is wrong. The 1992 Act that added § 70-a and § 76-a also amended CPLR 3211 and 3212. These statutes support Zalmayev's position, are substantive (not procedural with respect to this issue) and apply here.

Egiazaryan also argues that somehow Zalmayev's counsel's attempts to take trial testimony of BGR witnesses in London after the dismissal of the complaint, in support of the anti-SLAPP counterclaim, constitutes a judicial admission that the Rule 12 dismissal did not constitute conclusive proof that

2

Egiazaryan's claims lacked substantial basis.[1] The evidence was taken for trial on all the issues that Egiazaryan was disputing. So long as Egiazaryan refuses to concede that the dismissal of his complaint constitutes a finding that the complaint lacked substantial basis and that Egiazaryan's motives included the inhibition of speech, it is appropriate to continue to assemble trial evidence to prove the lack of substantial basis. Continuing to obtain trial evidence in further support of Zalmayev's anti-SLAPP claim is not a judicial admission that a Rule 12 dismissal means anything less than conclusive proof that the complaint lacked substantial basis.

### B.  Egiazaryan Had No Substantial Basis

Although Zalmayev argues that the Rule 12 dismissal constitutes conclusive proof that the complaint lacked substantial basis, Zalmayev does not rely exclusively on this argument as suggested by Egiazaryan; Zalmayev's memorandum also sets forth the underlying basis for a determination that the complaint lacked substantial basis.  In Zalmayev's memorandum in opposition to Egiazaryan's motion for summary judgment and Zalmayev's cross motion for summary judgment at pages 20-27, Zalmayev demonstrates that the complaint lacked substantial basis because the statements that are the subject of the

---

[1] By compressing a full page of text into five lines with a bracketed paraphrase, Egiazaryan misstates what Zalmayev's counsel wrote in the Hague Convention proceedings.  The full paragraphs 21 and 22 are attached as exhibit 39.

3

complaint are true and Egiazaryan knew that the statements were true when he brought the lawsuit and knew that other statements were opinions.

Egiazaryan argues that Zalmayev misstates the defamation lawsuit and ignores all the defamation allegations except those related to the LDPR. This is not correct. Zalmayev's summary of the defamation claim is based on the Court's summary of the defamation claim. July 30, 2012 Opinion (Dkt. # 159) at 7, 19-21, 24; Zalmayev Response to Egiazaryan's Statement of Undisputed Facts at ¶¶10-15, 20-21, 36.

## II. EGIAZARYAN FILED A SLAPP SUIT

### A. The Court Ruled Twice That The Case Is A SLAPP Suit

Again Egiazaryan argues that his lawsuit was not a SLAPP suit notwithstanding that this Court has twice ruled that it is. In Egiazaryan v. Zalmayev, No. 11 Civ. 2670, 2011 WL 6097136 (S.D.N.Y. Dec.7, 2011)(Castel, J.), concluding that "a petition for asylum . . . is an application for 'permission to act'" under the statute, this Court held that the defamation lawsuit could be construed as "materially related to ... [the defendant's] alleged efforts to 'comment on, ... challenge or oppose' any asylum application by [the plaintiff]." Gilman v. Spitzer, 2012 WL 4510681 (S.D.N.Y. Oct. 1, 2012) (quoting Egiazaryan v. Zalmayev, at *12). See also July 30, 2012, opinion (Dkt. 159). The Court's decision on this issue was

4

correct on the law and should also be adhered to based upon the law of the case doctrine. <u>Westerbeke Corp. v. Daihatsu Motor Co Ltd.</u>, 304 F.3d 200, 219 (2d Cir. 2002).

    **B.    All The Requirements For A SLAPP Suit Exist**

        **1.    Egiazaryan's Asylum Application Makes Him A Permittee/Applicant**

Judge Castel ruled in his opinion denying Egiazaryan's motion to dismiss the anti-SLAPP counterclaim that Egiazaryan has made the type of application, his application for asylum, that triggers the anti-SLAPP statute. December 7, 2011, opinion, pp. 19-21 (document 66); <u>Egiazaryan v. Zalmayev</u>, No. 11 Civ. 2670, 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011). Nevertheless, Egiazaryan again argues that because asylum applications are reviewed in a closed process and an anti-SLAPP suit involves issues of public concern, an asylum application can never form the basis of an anti-SLAPP action. This same argument was already rejected by this Court in its December 7, 2011, Opinion. Indeed, ***Egiazaryan*** made his asylum application public by disclosing it to the press and Zalmayev publically challenged it. Egiazaryan's dissertation on pages 11-12 of his memorandum on the non-public nature of a typical asylum application is irrelevant here, where ***the applicant*** Egiazaryan made a conscious decision to publicly disclose his asylum application.

5

### 2. Zalmayev Publically Challenged The Asylum Application

Next, Egiazaryan argues that Zalmayev did not engage in public petition and participation. Zalmayev did act publicly and the Court has so ruled twice in holding the complaint to be a SLAPP suit.

### III. ZALMAYEV SUFFERED RECOVERABLE DAMAGES

Egiazaryan incorrectly argues that Zalmayev is not entitled to recover damages under the anti-SLAPP statute, or that this Court should exercise its discretion and decline to award damages. All of these arguments were addressed by Zalmayev in his memorandum in opposition to Egiazaryan's motion for summary judgment and in support of his cross motion at 30-41.

Whether Zalmayev is entitled to "other compensatory damages" and punitive damages depends on Egiazaryan's purpose in bringing the suit, which involves disputed issues of facts and as to which Zalmayev has not moved for summary judgment.

Egiazaryan wrongly puts the burden of proving purpose at this stage on Zalmayev. It is Egiazaryan's burden to prove that *Egiazaryan did not have a purpose to inhibit speech*. Zalmayev's memorandum at pages 35-41 addresses the evidence of purpose and that courts easily infer a purpose to inhibit speech once a SLAPP complaint is dismissed.

Egiazaryan also claims that Zalmayev has not articulated any viable claim for "other compensatory damages,"

6

wrongly asserting that Zalmayev's emotional distress damages must be accompanied by physical manifestation of injury. This is not the law. The anti-SLAPP statute provides that "other compensatory damages" may be recovered if the case were brought with "the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." § 70-a.1.(b).

"Other compensatory damages" includes pain and suffering, unless the statute providing for compensatory damages explicitly states otherwise by, for example, limiting compensatory damages to economic damages. The anti-SLAPP statute does not explicitly preclude pain and suffering or limit compensatory damages to economic damages. In Garland-Sash v. Lewis, 2009 WL 3227297 C.A.2 (N.Y.) the Second Circuit reversed and remanded a case where the district court had not considered the award of non-economic damages under a statute that provided for "compensatory damages." The court explained that a statute that provides for "compensatory damages" includes damages for pain and suffering. Zalmayev has described his pain and suffering in an affidavit and is entitled to a trial on this. Exhibit 33.

The statute provides that "punitive damages" may be recovered if the case were brought with "the *sole* purpose of harassing, intimidating, punishing or otherwise maliciously

7

inhibiting the free exercise of speech, petition or association rights." § 70-a.1.(c). Egiazaryan claims that Zalmayev has conceded that Egiazaryan did not commence or continue his suit for the *sole* purpose of harassing or intimidating Zalmayev, thereby precluding punitive damages. Egiazaryan asserts that the question of punitive damages should not be put to a jury because Zalmayev has in the litigation asserted that Egiazaryan has commenced and continued the action for two purposes (to inhibit free speech and to obtain discovery to assist in his case against Kerimov in London). Although Zalmayev has asserted more than one purpose for Egiazaryan's suit, Egiazaryan has denied **both.** Certainly a fact finder is entitled and should make a determination as to whether the suit was commenced by Egiazaryan for the sole purpose of harassing or intimidating Zalmayev's speech or petition rights, or for a combination of factors.

Egiazaryan argues that since the attorneys' fees in this case are being paid by Andre Vavilov, it would be a windfall to award Zalmayev fees and cost; yet the windfall would be Egiazaryan's if he were not required to pay the attorneys' fees incurred in connection with a successful anti-SLAPP suit simply because Zalmayev could not afford to pay for his defense.

Egiazaryan offers several reasons why the Court should discretionarily deny anti-SLAPP damages. Egiazaryan argues that Zalmayev was paid by a foreign principal and also that Zalmayev

8

had the specific objective of preventing Egiazaryan's asylum. With respect to the foreign principal, Egiazaryan asserts that Zalmayev was required to register under the Foreign Agents Registration Act, which is incorrect has no application here. Moreover, the fact that Zalmayev was paid, provides a reason to *award* damages, not deny them. Writers who work for money and the First Amendment's protections are not based on the content or the motive of the writer.

### IV. ZALMAYEV IS ENTITLED TO SUMMARY JUDGMENT ON LIABILITY

As set forth in Zalmayev's answer to Egiazaryan's motion for summary judgment and cross motion for summary judgment, summary judgment should be entered for Zalmayev on liability and a trial held on damages.

A trial should be held to determine:

1. The amount of Zalmayev's attorney's fees.
2. Whether a purpose of Egiazaryan's was to inhibit First Amendment rights, etc.
3. Zalmayev's other compensatory damages.
4. Whether the *sole* purpose of Egiazaryan was to inhibit First Amendment rights, etc.
5. The amount of punitive damages.

**CONCLUSION**

Egiazaryan's motion for summary judgment should be denied.

Zalmayev's motion for summary judgment should be granted.

        Respectfully submitted


        /s/ Andrew J Ryan
        Andrew J. Ryan
        Matthew P. Feser
        SALISBURY & RYAN
        1325 Avenue of the Americas, 7th Fl.
        New York, NY  10019
        212-977-4660
        212-977-4668 (fax)
        ar@salisburyryan.com
        mf@salisburyryan.com


        /s/ James P. Golden
        JAMES P. GOLDEN
        Pennsylvania I.D. No. 32169
        HAMBURG & GOLDEN, P.C.
        1601 Market Street, Suite 3310
        Philadelphia, PA  19103
        215-255-8590 (O)
        215-255-8583 (fax)
        goldenjp@hamburg-golden.com

        Attorneys for defendant
        Peter Zalmayev

Dated: July 18, 2013