# HAMBURG & GOLDEN, P.C.
Attorneys

1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
goldenjp@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Jodi S. Wilenzik
Shari E. Lewis
Maureen P. Holland

Writer's Direct Dial:
215-255-8593

October 16, 2013

BY FAX (212-805-4268)

Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

       Re:  Egiazaryan v. Zalmayev, 11 Civ 2670 (PKC)(GWG)

Dear Judge Gorenstein:

      Andrew Ryan and I represent Peter Zalmayev.  Currently before Your Honor are the parties' cross-motions for summary judgment on the only claim left in the case:  Zalmayev's anti-SLAPP counterclaim against Ashot Egiazaryan.  Egiazaryan's amended complaint was dismissed in its entirety on Zalmayev's motion.  Opinion and Order dated July 30, 2012, (Castel, J.) (Doc. 159.), 880 F.Supp.2d 494 (S.D.N.Y. 2012).

## I.   THE COURT'S QUESTIONS

      In connection with this Court's consideration of the summary judgment motions and in accordance with Your Honor's October 8, 2013, Order, we submit this letter brief on the issue of "whether N.Y. C.P.L.R. §§ 3211(g) and 3212(h) provide guidance on the construction of the term 'without a substantial basis in fact and law' contained in N.Y. Civ. Rights Law §70-a." *The short answer to this question is YES*.

      The Court's next question, which logically follows from the first, is whether the "substantial basis" standard in

Honorable Gabriel W. Gorenstein
October 16, 2013
Page 2


N.Y. Civ. Rights Law §70-a is *ipso facto* a more stringent standard than the motion to dismiss standard in section 3211(a)(7), as has been specifically stated in case law." *The short answer to this question is also YES*.

The following givens are expressly articulated in this Court's October 8, 2013, Order:

> 1. "Here, the plaintiff argues that the N.Y. Civ. Rights Law §70-a standard is equivalent to a 'frivolous standard'";
>
> 2. "Sections 3211(g) and 3212(h) were enacted as part of New York's "anti-SLAPP" legislation";
>
> 3. Sections 3211(g) and 3212(h) "supplant the usual standards governing a motion to dismiss or a motion for summary judgment, see N.Y. C.P.L.R. §§3211(a)(7) and 3212(a)";
>
> 4. It "has been specifically stated in case law" that:
>> (a)  "the anti-SLAPP legislation makes it easier for defendants in SLAPP suits to win motions to dismiss or for summary judgment under CPLR Rules 3211 and 3212" <u>Yeshiva Chovetz Chaim Radin, Inc. v. Village of New Hempstead</u>, 98 F. Supp.2d 347, 359 (S.D.N.Y. 2000);
>>
>> (b)  "the legislature . . . amended New York's Civil Practice Law and Rules in order to impose upon plaintiff's, in actions involving public petition and participation, a heightened standard of proof to avoid dismissal of the action" <u>Hariri v. Amper</u>, 51 A.D.3d 146, 150 (1st Dep't 2008);
>>
>> (c)  there is a "'heightened standard of proof' reflected in N.Y. CPLR § 3212(h)" <u>Guerrero v. Carva</u>, 10 A.D.3d 105, 116 (1st Dep't 2004);
>>
>> (d)  "if CPLR 3211(g) and CPLR 3212(h) are not applicable to the case at bar . . . then plaintiffs do not have to meet the higher

Honorable Gabriel W. Gorenstein
October 16, 2013
Page 3

>>burden of establishing that their claims have a 'substantial basis' in fact and law." <u>OSJ, Inc. v. Work</u>, 180 Misc.2d 804(A), 811 (Sup. Ct. Madison Co. 1999);

>>(e) "'[p]rior to adoption of [N.Y. C.P.L.R. §§ 3211(g) and 3212(h)], plaintiffs in actions involving public petition and participation needed only demonstrate a reasonable basis in fact or law to defeat a motion to dismiss or motion for summary judgment' and that the anti-SLAPP legislation 'places new restrictions on the ability of public applicants to seek redress from the courts by requiring them to demonstrate their claims contain a substantial, rather than merely a reasonable, basis in fact and law.'" <u>Harfenes v. Sea Gate Ass'n</u>, 167 Misc.2d 647, 652 (Sup. Ct. N.Y. Co. 1995).

>5.  If 2-4, above "were the case, far from being akin to a 'frivolous' standard, the 'substantial basis' standard in N.Y. Civ. Rights Law §70-a is actually a higher standard than would otherwise be required to survive a motion to dismiss."

>6.  "Under this logic, if Judge Castel applied the Fed. R. Civ. P. 12(b)(6) standard, which is equivalent to the standard under section 3211(a)(7), it would necessarily follow that the dismissal of the plaintiff's claims under Rule 12(b)(6) means that the plaintiff's [Egiazaryan's] claims cannot meet the 'substantial basis' standard of N.Y. Civ. Rights Law §70-a."

Order, Oct. 8, 2013.

## II.  THERE IS A HIGHER STANDARD FOR SLAPP PLAINTIFFS TO SURVIVE A MOTION TO DISMISS THE COMPLAINT

The starting points for this Court's inquiry lead to only one conclusion:  Egiazaryan's argument that the §70-a standard is a "frivolous" standard is wrong; the §70-a standard is actually on the opposite end of the spectrum from frivolous: it is *a more stringent* standard than the usual motion to dismiss

Honorable Gabriel W. Gorenstein
October 16, 2013
Page 4

standard. The anti-SLAPP statute itself, the rules that are part of the statute, and controlling New York case law cited by Your Honor are indisputable: clear, consistent and uncontroverted binding legal authority explains and confirms that the anti-SLAPP law, with its shifting burden of proof and deliberately imposed higher "substantial basis" standard has the stated purpose and goal—successfully achieved—of setting higher standards of proof for *plaintiffs* to meet to avoid dismissal of a SLAPP complaint than would otherwise be required of plaintiffs in non-SLAPP actions.

If "without a substantial basis" meant "frivolous," the anti-SLAPP statute would have had to have been enacted for exactly the opposite reasons articulated by the legislators and judicial authorities. Far from providing "the utmost protection for the free exercise of speech" and "safeguard[ing] with great diligence" "the rights of citizens to participate freely in the public process," (Yeshiva Chovetz Chaim Radin, Inc. v. Village of New Hempstead, 98 F. Supp.2d 347, 359 (S.D.N.Y. 2000)(quoting 1992 Sess. Law News of N.Y. Ch. 767 (A.4299)(McKinney's)) the anti-SLAPP statute would permit a SLAPP lawsuit suppressing free speech to survive a motion to dismiss or for summary judgment (when it would be dismissed under the usual Rule 12(b)(6) or 56 standards) if the SLAPP plaintiff were able only to demonstrate that the complaint was "merely undeserving of sanctions for mere frivolousness." Pierce v. Underwood, 487 U.S. 552, 566 (1988). The argument that the §70-a standard is "frivolous" is illogical.

Dismissal of Egiazaryan's amended complaint is conclusive that the amended complaint lacked a substantial basis. In dismissing the amended complaint, Judge Castel wrote:

> To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). . . . the court examines only the well-pleaded factual allegations, if any, and "determines whether they plausibly give rise to an entitlement to relief." Id. If not, the complaint must be dismissed.

\* \* \*

Honorable Gabriel W. Gorenstein
October 16, 2013
Page 5

> This Court concludes that the statements are either not plausibly false or are statements of opinion Therefore, the challenged statements cannot support a defamation action.
>
> * * *
>
> The Court has concluded as a matter of law that all of the challenged statements are statements of opinion or are not plausibly false.  It was not necessary for the Court to reach the question of actual malice.  Further amendment has no prospect of altering the Court's legal conclusion.

Opinion and Order dated July 30, 2012, at 8-9, 11, 28-29 (Castel, J.) (Doc. 159), 880 F.Supp.2d at 502, 503, 513.  Judge Castel obviously dismissed under the usual Fed. R. Civ. P. 12(b)(6) standard, articulated by the usual pair of leading United States Supreme Court decisions on topic.

When Judge Castel dismissed the amended complaint under the usual standard for Fed. R. Civ. P. 12(b)(6) motions, the amended complaint was dismissed under an *easier test* for Egiazaryan to pass.  It only follows that Egiazaryan's amended complaint would necessarily fail the *even harder test--the substantial basis test*--imposed by the anti-SLAPP statute.  Egiazaryan's complaint clearly lacks substantial basis if it does not "plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The applicable standards are on a continuum, illustrated below.  In non-SLAPP cases, some complaints are dismissed that are not frivolous, though some are frivolous.  In SLAPP cases, complaints are dismissed that would survive the usual standard, but do not survive the SLAPP standard.  Most important here is that the high SLAPP standard is the same standard for the anti-SLAPP counterclaim, which means it is easier, "substantially easier," for an anti-SLAPP counterclaimant to prevail than for a typical defendant to prevail on a Fed. R. Civ. P. 11 claim that a dismissed complaint is frivolous.

## STANDARDS SCALE FOR A COMPLAINT



LOWER ------------------------------------------------------------------HIGHER

**III. IN NO EVENT DOES "WITHOUT A SUBSTANTIAL BASIS" MEAN "FRIVOLOUS"**

The October 8, 2013, Order, citing Pierce v. Underwood, 487 U.S. 552, 564 (1988), notes that in other contexts, the term "substantial" is susceptible to two "contrary connotations", noting "that the word may mean "[c]onsiderable in amount, value, or the like; large" or "merely substantial or in the main." Pierce v. Underwood, 487 U.S. 552, 564 (1988).

In resolving what the Supreme Court called an "abstract legal issue" namely, "the meaning of the phrase 'substantially justified'" in 28 U.S.C. §2412(d)(1)(A), the Equal Access to Justice Act, to determine whether the position of the government was not substantially justified so that an award of attorneys fees under the Act is appropriate. Although the Court in Pierce began its discussion quoting the definitions of "substantial" from Webster's New International Dictionary, the Court then said:

> We are not, however, dealing with a field of law that provides no guidance in this matter. Judicial review of agency action, the field at issue here, regularly proceeds under the rubric of "substantial evidence" set forth in the Administrative Procedure Act, 5 U.S.C. § 706(2)(E).

Pierce, 487 U.S. at 564. In the context of the analyzing statutory language under the Administrative Procedure Act, the

Honorable Gabriel W. Gorenstein
October 16, 2013
Page 7


Court in <u>Pierce</u> concluded that the word substantial meant "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." <u>Id</u>. at 565. The Supreme Court was answering a technical question of administrative law, not a statute designed to protect first amendment rights, like the anti-SLAPP statute here.  The Court still held that:

> To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

<u>Id</u> at 566.

<u>Pierce</u> does not alter the analysis here.  Though <u>Pierce</u> addresses a phrase that uses the word "substantial," the phrase there is "substantially justified," which is different from the phrase in the anti-SLAPP statute.  <u>Pierce</u> footnote 2, where the majority opinion addresses the dissent, confirms that the majority and dissent do not agree what the opinion means, but the majority confirms that even under the Administrative Procedure Act, "substantially justified" is a higher standard for a complaint than "reasonably justified," and "reasonably justified" seems to be a higher standard for a complaint than "not frivolous."

If anything, <u>Pierce</u> confirms that this Court must look to the case law that provides "guidance in the matter." <u>Pierce</u>, 487 U.S. at 564.  The five cases cited by this Court in its October 8, 2013, Order confirm that the standard is far from frivolous, but "a higher standard," and that dismissal of Egiazaryan's claims under Rule 12(b)(6) by Judge Castel means that Egiazaryan's claims cannot meet the substantial basis standard of N.Y. C.P.L.R. §70-a.

                                                    Respectfully,

                                                    */s/ James P. Golden*

                                                    JAMES P. GOLDEN

JPG:st
cc:  Jason Cohen, Esquire (by email to jcohen@fzwz.com)
     Andrew J. Ryan, Esquire (by email to ar@salisburyryan.com)