# FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

MARK C. ZAUDERER

October 16, 2013

By Federal Express

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Egiazaryan v. Zalmayev (11 Civ. 2670) (PKC) (GWG)

Dear Judge Gorenstein:

In its October 8, 2013 Order ("October 8 Order"), this Court raised the question of whether "the dismissal of the plaintiff's claims under Rule 12(b)(6) means that the plaintiff's claims cannot meet the 'substantial basis' standard of N.Y. Civ. Rights Law § 70-a." (October 8 Order, p. 2.) This question is definitively settled by New York law. The dismissal of a SLAPP claim pursuant to CPLR 3211(g) (or Fed R. Civ. P. 12(b)(6)) does not *a fortiori* mean that an anti-SLAPP claimant has automatically met his burden of proving an essential element of an anti-SLAPP claim, that plaintiff's action "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1)(a). As discussed in our motion papers and addressed below, the "substantial basis" standard set forth in N.Y. Civil Rights Law § 70-a(1)(a) is akin to a frivolous standard.

## Summary

Mr. Zalmayev's argument that the dismissal of plaintiff's defamation claims alone demonstrates that he has met his burden of proving the absence of a "substantial basis" is erroneous because:

WRITER'S DIRECT DIAL
(212) 412-9562
mzauderer@fzwz.com

1. There is no legislative history or case law supporting defendant's position.

2. None of the cases cited in the October 8, 2013 Order supports defendant's position.

3. Even in cases in which a plaintiff's SLAPP suit was dismissed on the merits, New York State and federal courts have routinely also dismissed anti-SLAPP claims on a finding that a plaintiff's claims

Hon. Gabriel W. Gorenstein
October 16, 2013
Page 2 of 9

      had a substantial basis in fact and law under New York's anti-SLAPP statute.

4. New York State and federal courts have explicitly held that an anti-SLAPP claimant, like Mr. Zalmayev, must prove that the action was "frivolous" in order to meet his burden of proving that the action was brought "without a substantial basis."

5. The legislative history explicitly states that the anti-SLAPP bill is "intended to penalize *frivolous* SLAPP suits". (Governor's Bill Jacket, L. 1992, ch. 767, and transcript of New York State Senate debate, attached as Exhibit 1 hereto, at pp. LH0025, LH0032 (emphasis added).)

6. Defendant himself affirmatively argued in court papers that the dismissal of plaintiff's claims is not sufficient to demonstrate an absence of a "substantial basis."

7. There is no basis to conclude that the "substantial basis in law" standard set forth in CPLR 3211(g) is identical to the "substantial basis in fact and law" standard set forth in Civil Rights Law § 70-a(1)(a). The CPLR 3211(g) motion to dismiss standard and the Civil Rights Law anti-SLAPP standard use different language, serve different purposes and have different burdens of proof.

8. The absence of a "substantial basis in law" under CPLR 3211(g) does not equate to an absence of a "substantial basis in *fact* and law": Civil Rights Law § 70-a(1)(a) -- the standard in question -- has an additional requirement that the claim lacks a "substantial basis in *fact*" as well as in "*law*". In his rulings on motions to dismiss, Judge Castel had no occasion to address whether plaintiff's claims were *factually* supportable.

9. Defendant's position is inconsistent with the legislative framework, pursuant to which a SLAPP defendant is entitled to a relatively quick and easy escape from a non-sustainable SLAPP claim; however, an anti-SLAPP claimant must meet a high burden before imposing an onerous penalty on a plaintiff for bringing a lawsuit.

10. Defendant has not and cannot, independent of the dismissal of the alleged SLAPP claim, meet his burden of demonstrating that plaintiff's claims lacked a substantial basis in fact and law.

Hon. Gabriel W. Gorenstein
October 16, 2013
Page 3 of 9

      For all of these reasons (and those set forth in his motion), plaintiff is entitled to summary judgment dismissing defendant's anti-SLAPP counterclaim. Moreover, even if this Court were to find that defendant satisfied his burden under the anti-SLAPP statute -- although there is no basis to do so -- the case law is clear that the Court should exercise its discretion to decline to impose sanctions under the anti-SLAPP statute. As discussed in plaintiff's motion papers, this case was dismissed on close and difficult legal questions. It does not warrant an award of sanctions against plaintiff.

**New York Courts Have Determined That The Dismissal
Of A Plaintiff's Claims Does Not Automatically Mean That
<u>Those Claims Lacked a Substantial Basis In Fact And Law</u>**

      An action that is dismissed may nonetheless have a substantial basis in fact and law under New York's anti-SLAPP statute. We have found three cases -- including controlling precedent -- in which a *dismissed* action was found to have been commenced with a substantial basis in fact and law. In *Giorgio v. Pilla*, 100 A.D.3d 826, 827-28, 954 N.Y.S.2d 584, 586-87 (2d Dep't 2012), the Appellate Division held that although "the Supreme Court properly granted that branch of the [defendants'] motion which was for summary judgment dismissing the complaint," the "plaintiff tendered proof sufficiently demonstrating that the action has a substantial basis in fact and law" under the anti-SLAPP statute. Similarly, in *Clemente v. Impastato*, 290 A.D.2d 864, 865, 736 N.Y.S.2d 281, 282 (3d Dep't 2002), "the Supreme Court granted defendant's motion to dismiss plaintiff's [defamation] action" and further held that "we conclude that plaintiff's defamation action, although now dismissed, was commenced with a substantial basis in fact and law." In a third action, *Friends of Rockland Shelter Animals, Inc. (FORSA) v. Mullen*, 313 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2004), notwithstanding its dismissal of plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, the court "concluded that [plaintiff's] suit was not brought 'without a substantial basis in law or fact.'"[1]

---

[1] Defendant himself, when he sought discovery, previously affirmatively argued that his burden under Civil Rights Law § 70-a(1)(a) is ***not*** automatically satisfied upon the dismissal of a plaintiff's underlying lawsuit. *See* Plaintiff's Memorandum of Law in Further Support of Motion for Summary Judgment, dated July 3, 2013 (Docket Entry # 235) ("Plaintiff's Reply Mem."), pp. 4-5; Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, dated April 19, 2013 (Docket Entry # 222) ("Plaintiff's Moving Mem."), pp. 29-30. In defendant's counsel's words: "Despite Mr. Egiazaryan having lost his case in New York that is not enough for Mr. Zalmayev to win his counterclaim.... The essence of the anti-SLAPP counterclaim is showing that Mr. Egiazaryan's original action was baseless. ***Mr. Zalmayev has to prove that the defamation claim was without any substantial basis in fact and law***." (Second Witness Statement of James Philip Golden, counsel for Mr. Zalmayev, dated November 9,

These cases all support the conclusion that the dismissal of plaintiff's claims does not require a finding of no "substantial basis" for the anti-SLAPP claim. Defendant has not cited any contrary cases. Nor do any of the cases cited in the October 8 Order -- none of which makes any reference to the standard of review on an anti-SLAPP action under § 70-a(1)(a) (and discuss the "substantial basis" standard only in the context of the underlying SLAPP claim) -- support defendant's position or constitute precedent on the interpretation of § 70-a(1)(a).

The three cases discussed above that do address the application of the "substantial basis in fact and law" standard under § 70-a(1)(a) are the law of New York State. The controlling determinations of New York's Appellate Division make clear that dismissal of a SLAPP claim does not amount to a finding that the plaintiff should be sanctioned under the anti-SLAPP statute. *See, e.g.*, *Mountain View Coach Lines, Inc. v. Storms*, 102 A.D.2d 663, 664, 476 N.Y.S.2d 918, 919-20 (2d Dep't 1984) ("The Appellate Division is a single statewide court divided into departments for administrative convenience and, therefore, the doctrine of *stare decisis* requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule.") (citations omitted). Where clear precedent exists, the Court should not rely on inferences from the use of similar language to decide the parties' summary judgment motions.

### The "Substantial Basis in Law" Standard Set Forth In CPLR 3211(g) Is Different Than The "Substantial Basis in Fact and Law" Standard Set Forth In Civil Rights Law § 70-a(1)(a)

As noted by the Court in its October 8 Order, CPLR 3211(g) and 3212(h) "supplant the usual standards governing a motion to dismiss or a motion for summary judgment" (October 8 Order, p. 1). This observation, while correct, is irrelevant here for three reasons. First, as discussed above, the standards set forth in CPLR 3211(g) and 3212(h) relate to the standard for maintaining plaintiff's defamation suit (the alleged SLAPP suit), not obtaining an award of sanctions under Civil Rights Law § 70-a. Second, defendant moved under Fed R. Civ. P. 12(b)(6) and not CPLR 3211 or 3212. Third, the legislative history of the anti-SLAPP statute reflects substantial differences between these sections.

Although CPLR 3211(g) and Civil Rights Law § 70-a(1)(a) were passed as part of the same legislative package, the purposes and standards differ as follows:

---

2012 (Exhibit 38 to the Declaration of Jason T. Cohen, dated April 19, 2013 (the "Moving Cohen Decl.") (Docket Entry # 224-38), ¶¶ 21, 22.) (emphasis added).) Not only was Defendant's counsel correct, but Defendant's prior statements constitute a binding admission. *See* Plaintiff's Reply Mem., pp. 4-5.

- The elements of proof are different with proof as to the *absence of a substantial basis in **law*** needed to prevail on a motion to dismiss, and proof of an *absence of a substantial basis in **fact and law*** necessary to prevail on an affirmative anti-SLAPP claim.

- The burden of proof is on the non-moving plaintiff under CPLR 3211(g), while the burden is on the defendant under Civil Rights Law § 70-a(1)(a);

- The remedy sought under CPLR 3211(g) is dismissal of an allegedly improper SLAPP suit, while the remedy sought under Civil Rights Law § 70-a is a sanction of attorneys' fees and costs, and potentially other compensatory damages and punitive damages; and

- CPLR 3211(g) (and 3212(h)) is a procedural rule designed to "resolv[e] SLAPP suits quickly" (Governor's Bill Jacket, L. 1992, ch. 767 (Ex. 1), p. LH0011). On the other hand, Civil Rights Law § 70-a(1)(a) is a substantive rule that established a "new right of action for victims of SLAPP suits" that "is in derogation of the common law and must be strictly construed" (*Hariri v. Amper*, 51 A.D.3d 146, 150-51, 854 N.Y.S.2d 126, 129-30 (1st Dep't 2008)).

As these differences make clear, the standards set forth in CPLR 3211(g) and Civil Rights Law § 70-a(1)(a) are completely incompatible. In his rulings on motions to dismiss, Judge Castel did not address the existence or absence of a substantial basis in *fact* and, as such, his two decisions cannot constitute a conclusive determination that plaintiff's action was without a substantial basis in fact and law.

In his order dismissing the Amended Complaint, Judge Castel wrote that "'a complaint must contain sufficient factual matter, ***accepted as true***, to state a claim to relief that is plausible on its face.'" July 30, 2012 Memorandum and Order ("July 30 Decision") (Docket Entry # 159), p. 8 (citations omitted) (emphasis added). Therefore, because Judge Castel did not address the factual basis for the suit, instead accepting them for the motion as true, that decision cannot possibly serve as a basis to conclude that plaintiff's action "was commenced or continued ***without a substantial basis in fact*** and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1)(a) (emphasis added).

Hon. Gabriel W. Gorenstein
October 16, 2013
Page 6 of 9

Moreover, Judge Castel did not address a number of the factual allegations which formed the basis for plaintiff's claims. For example, the July 30 Decision did not directly address plaintiff's allegations that "notwithstanding his published statements that plaintiff has a 'well-established record of anti-Semitism and hate speech,' Mr. Zalmayev testified unequivocally that he was unaware of any statements made (or actions or positions taken) by Mr. Egiazaryan that were anti-Semitic." (May 4, 2012 Memorandum of Law in Opposition to Motion to Dismiss the Amended Complaint (Docket Entry # 131), p. 3.) It would be nothing short of a denial of due process for this (or any) Court to find that defendant met his burden of demonstrating an absence of a substantial basis in fact and law without scouring the record to determine if that was indeed the case. This is especially true here, where Judge Castel has held that "the adequacy of Egiazaryan's pleadings regarding assertions of fact is not the law of the case." July 30 Decision, p. 10 (original is a header in initial caps).

Consistent with New York state and federal case law, the "substantial basis" standard set forth in Civil Rights Law § 70-a(1)(a) must be strictly construed in plaintiff's favor and interpreted as akin to a frivolous standard. *See, e.g., FORSA*, 313 F. Supp. 2d at 344-45 (because the action was "not *frivolous*," the anti-SLAPP claimant could not prove that the action was brought without a substantial basis in fact and law under Civil Rights Law § 70-a(1)(a)) (emphasis added); *W. Branch Conservation Ass'n, Inc. v. Planning Bd. of Town of Clarkstown*, 222 A.D.2d 513, 514, 636 N.Y.S.2d 61, 63 (2d Dep't 1995) (Civil Rights Law § 70-a(1)(a) applies "upon a demonstration that a *frivolous* claim has been interposed against a party in an action involving 'public petition and participation'") (emphasis added). *See also* Bill Jacket, L. 1992, ch. 767 (Ex. 1 hereto), pp. LH0025, LH0032 ("This bill is intended to penalize *frivolous* SLAPP suits....") (emphasis added).[2]

---

[2] *See also* additional legislative history that suggests that the purpose of the legislation is to protect against *frivolous* lawsuits, not just lawsuits that may ultimately be dismissed on the merits, sometimes on a close call. For example, in his July 14, 1992 letter, William Bianchi, Member of Assembly, and drafter and chief legislative proponent of the legislation, writes that

> It is not the intent of this legislation to inhibit anybody from bringing a legitimate lawsuit where actionable conduct has occurred. However, the existing protections against *frivolous* lawsuits are inadequate . . . .

(Bill Jacket, L. 1992, ch. 767 (Ex. 1 hereto), pp. LH0017-18 (emphasis added).) Assemblyperson Bianchi goes on to say that the substantial basis standard is

Hon. Gabriel W. Gorenstein
October 16, 2013
Page 7 of 9

      Neither defendant nor the Court has cited to any case holding that the "substantial basis" test set forth in Civil Rights Law § 70-a(1)(a) should be interpreted to impose anything other than a "frivolous" standard. Although the Court cites to several cases in its October 8 Order describing the "substantial basis" language in CPLR 3211(g) and 3212(h) as imposing upon plaintiff "a heightened standard of proof to avoid dismissal of the action" (October 8 Order, p. 1, quoting *Hariri*, 51 A.D.3d at 150, 854 N.Y.S.2d at 129), none of these cases draws a connection between this standard and the different standard for sanctions -- with different burdens and remedies -- set forth in Civil Rights Law § 70-a.

**Because A Claim May Be Dismissed Under Rule 12(B)(6)
For A Variety Of Reasons, A Dismissal Of Plaintiff's
Claims Does Not Automatically Establish That The
<u>Action Lacked A Substantial Basis In Fact And Law</u>**

      Although New York's Appellate Division has already resolved this issue in plaintiff's favor, we respectfully argue that as a matter of logic and fairness, a claim or action could be dismissed for a variety of reasons that would not warrant the conclusion that the plaintiff lacked a substantial basis under the facts and law.

      This is especially true for claims, such as the defamation claims at issue here, that are dismissed on close legal questions upon which reasonable jurists could differ, such as whether a plaintiff is a public or private figure; whether the totality of the circumstances demonstrates actual malice; and whether allegedly defamatory statements should be construed as actionable statements of fact or non-actionable opinions. *See Clemente*, 290 A.D.2d at 865, 736 N.Y.S.2d at 282 (even though plaintiff could not prove malice on his defamation claims, which were consequently dismissed, the defamation action "was commenced with a substantial basis in fact and law"). Here, for example, while the Court ultimately held after a detailed analysis that the challenged statements in plaintiff's Amended Complaint were protected expressions of opinion, as

---

intended to raise the threshold for frivolous actions. He, of course, does not suggest that all actions dismissed should automatically be deemed frivolous.

Then Attorney General Robert Abrams in his Memorandum for the Governor on the bill notes that "[t]he value of the bill will depend, to a large extent, on its interpretation by the courts." *Id.* at p. LH0028. As noted above, the courts have determined that the dismissal of an action under the heightened CPLR standards is not equivalent to a demonstration of an absence of a substantial basis in fact and law.

opposed to actionable statements of fact, the very fact that the Court initially determined that certain of the allegedly defamatory statements *were* actionable statements of fact -- and that this dispositive element tipped in plaintiff's favor -- bespeaks the substantial basis for the action. (*See* Plaintiff's Moving Mem., pp. 13-14, 30-31.)

By way of further example, in *FORSA*, the plaintiff's claim for tortious interference with a prospective business advantage was dismissed under Fed. R. Civ. P. Rule 12(c), which applies the same standard as Rule 12(b)(6), on the basis that the claim was precluded by the *Noerr-Pennington* doctrine. See *FORSA*, 313 F. Supp. 2d at 342-44. Notwithstanding the claim's dismissal, the Court recognized that the plaintiff's "suit was commenced under a cognizable legal theory and it presented facts that tended to show some of [defendant's] statements were misleading." *Id.* at 344-45. The Court concluded that while it found plaintiff's claim "unpersuasive," the claim was "***not frivolous***," and thus was not commenced or continued without a substantial basis in fact and law under Civil Rights Law § 70-a(1)(a). *Id.* at 345 (emphasis added.)

As these examples demonstrate -- and as the law in New York provides -- the failure of a plaintiff to meet the technical requirements of a claim should not result in the automatic conclusion that the plaintiff lacked a substantial basis for bringing that claim within the meaning of the Civil Rights Law. The dismissal of a claim on a close legal question, as was the case here, or on affirmative defense, as in *FORSA*, does not establish *a fortiori* that the claim was frivolous or "commenced as means of intimidation, coercion or harassment." *OSJ, Inc. v. Work*, 180 Misc. 2d 804, 811, 691 N.Y.S.2d 302, 306 (Sup. Ct. Madison Co. 1999) (cited in October 8 Order).

### The Court Should Exercise Its Discretion To Decline To Award Sanctions Against Plaintiff

Finally, we add one more point we believe to be relevant to the question raised by the Court. This entire statutory scheme, as reflected in the permissive language of the anti-SLAPP statute, the legislative history, and court decisions, is premised upon the Court's application of discretion in determining whether to impose sanctions pursuant to Civil Rights Law § 70-a (an act that can result in discouragement of legitimate lawsuits). Accordingly, even if this Court were to conclude -- which it should not -- that defendant has somehow met his burden of demonstrating that plaintiff did not have a substantial basis in fact and law, this Court has the discretion, and should decline, to impose sanctions on plaintiff. *See FORSA*, 313 F. Supp. 2d at 344 (in declining to award damages, the court held that "even if the defendant establishes that the suit is a SLAPP suit

brought under circumstances that entitle it to and that it is entitled to damages under § 70-a, the award of damages is within the sole discretion of the trial court."); *W. Branch Conservation Ass'n, Inc.*, 222 A.D.2d at 514, 636 N.Y.S.2d at 63 (because "the unambiguous use of the term 'may' in the statute makes the decision to award attorneys' fees and costs discretionary rather than mandatory," trial court providently exercised its discretion in declining to award costs and attorneys' fees); Plaintiff's Moving Mem., pp. 44-48; Plaintiff's Reply Mem., pp. 17, 20-21. No mechanical test can or should compel a court to award sanctions.

We respectfully submit that divining what is a sanctionable lawsuit under the anti-SLAPP statute is akin to applying the test articulated by Justice Potter Stewart in defining "hardcore pornography": "I know it when I see it." This is not a sanctionable case. A fair reading of the legislative history and cases applying the statute demonstrates that the anti-SLAPP statute was not designed, and should not be applied, to the circumstances here.

### Conclusion

In light of the relevant case law, legislative history, and differences between the standards, the "substantial basis" test in Civil Rights Law § 70-a(1)(a) is different than the standard applied to parties attempting to maintain a claim in opposition to a motion to dismiss. Therefore, it does not follow that "the dismissal of the plaintiff's claims under Rule 12(b)(6) means that the plaintiff's claims cannot meet the 'substantial basis' standard of N.Y. Civ. Rights Law § 70-a." (October 8 Order, p. 2.) To the contrary, the statutory scheme imposes a high burden on the defendant for maintaining an anti-SLAPP claim, one that is not met merely because the plaintiff's claim has been dismissed.

Thank you for giving us the opportunity to write to the Court.

Respectfully,

Mark C. Zauderer

cc: James P. Golden, Esq. (via Federal Express)
Jane Silver, Esq. (via Federal Express)
Andrew J. Ryan, Esq. (via Federal Express)