USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-19-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ASHOT EGIAZARYAN,

                        Plaintiff,                       11 Civ. 2670 (PKC) (GWG)

       -against-                                MEMORANDUM AND
                                                          ORDER ADOPTING IN
                                                          PART AND MODIFYING
                                                          REPORT AND
PETER ZALMAYEV,                                 RECOMMENDATION

                      Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has reviewed the thorough Report and Recommendation ("R & R") of Magistrate Judge Gabriel W. Gorenstein recommending the grant of the motion for summary judgment of plaintiff Ashot Egiazaryan dismissing the counterclaim of defendant Peter Zalmayev and the denial of Zalmayev's cross motion for summary judgment. (Docket No. 249, 2013 WL 6486258, at *1-6.) The Court has considered Zalmayev's objections and reviewed the matter de novo.

        The Court adopts the conclusion of the R & R, and modifies the reasoning of the R & R only insofar as the following: (1) supplying an additional ground for the disposition of the motions, which is that the plaintiff's claims had a substantial basis in fact and law; and (2) declining to reach alternative grounds presented in sections III.B and III.C of the R & R, that this Court should exercise its discretion to decline to award attorney's fees, costs, and damages. The Court assumes familiarity with the R & R and this Court's two prior opinions. Egiazaryan v. Zalmayev, 11 Civ. 2670 (PKC), 2011 WL 6097136 (S.D.N.Y. Dec. 7, 2011) ("Egiazaryan I"), Egiazaryan v. Zalmayev, 880 F. Supp. 2d 494 (S.D.N.Y. 2012) ("Egiazaryan II").

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a de novo review of those matters to which a party filed an objection. 28 U.S.C. § 636(b)(1)(C).

## THE REPORT AND RECOMMENDATION

The R & R assumes, arguendo, that Zalmayev could demonstrate that Egiazaryan's action lacked a substantial basis in fact and law, and analyzes whether Egiazaryan's complaint could be supported by a substantial argument for the extension, modification or reversal of existing law. The R & R concludes that Egiazaryan's action could be supported by a substantial argument for the extension, modification or reversal of existing law. The R & R also recommends that Zalmayev should not be entitled to compensatory or punitive damages, and, that, even if Zalmayev demonstrated that Egiazaryan's action lacked both a substantial basis in law and fact and a substantial argument for the extension, modification or reversal of existing law, that this Court should exercise its discretion not to award attorney's fees and costs to Zalmayev.

## OBJECTIONS TO THE R & R

Zalmayev identifies and objects to thirteen distinct conclusions of the R & R. In sum, he objects to the R & R's conclusions that the complaint could be supported by a substantial argument for the extension, modification or reversal of existing law, that Egiazaryan has no burden on this motion to demonstrate that the complaint is supported by a substantial basis in fact and law or a substantial argument for the extension, modification or reversal of existing law, and that the Court should exercise its discretion to not award attorney's fees.

-2-

DISCUSSION

I. Egiazaryan's Lawsuit Falls within the Definition of a SLAPP Suit under New York Law

As this Court found in Egiazaryan I, Egiazaryan is a "public applicant or permittee" within the meaning of Civ. Rights Law § 76-a(1)(b) and the complaint is materially related to Zalmayev's alleged efforts to "comment on, . . . challenge or oppose" Egiazaryan's asylum application. Egiazaryan I, 2011 WL 6097136, at *11-12. Accordingly, this action falls within the definition of a SLAPP suit.

II. Application of N.Y. C.P.L.R. § 3211(g) to the Motion to Dismiss

Motions to dismiss SLAPP claims brought in New York state courts are decided under N.Y. C.P.L.R. § 3211(g), which provides that:

> A motion to dismiss based on [N.Y. C.P.L.R. § 3211(a)(7)], in which the moving party has demonstrated that the action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation as defined in [N.Y. Civ. Rights Law § 76-a(1)(a)] shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law.

N.Y. C.P.L.R. § 3211(g). Zalmayev argues that because this Court previously dismissed this case, to find in favor of Egiazaryan would be to reverse the Court's decision on the motion to dismiss. The Court considered both motions to dismiss under Rule 12(b)(6), the rule invoked by Zalmayev in bringing on the motions to dismiss. (Docket Nos. 15, 117.) Based upon the Court's review, N.Y. C.P.L.R. § 3211(g) was not mentioned in any briefs on either of Zalmayev's motions to dismiss or Egiazaryan's motion to dismiss Zalmayev's counterclaims. (Docket Nos. 16, 25, 28, 33, 36, 37, 118, 131, 137). Zalmayev forfeited the right to have the motions decided under N.Y. C.P.L.R. § 3211(g) by not asserting it in a timely fashion. See NCDR, L.L.C. v. Mauze & Bagby P.L.L.C., No. 12-41243, slip op. at 7 (5th Cir. Mar. 11, 2014) (Plaintiff's

argument that anti-SLAPP statute did not apply in federal court was not meaningfully raised at district court level and therefore waived on appeal). The Court properly decided the motions to dismiss under Rule 12(b)(6).[1]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court evaluated the motions under that standard, and has not previously evaluated Egiazaryan's claims under the "substantial basis in fact and law" standard of N.Y. C.P.L.R. § 3211(g) or N.Y. Civ. Rights Law § 70-a.

### III. "Substantial Basis in Fact and Law"

The R & R assumes, arguendo, that the complaint lacks a substantial basis in fact and law. The Court concludes that the issue was never reached in any prior ruling in this case. Thus, it is an open question. This Court will consider whether the action lacked a "substantial

---

[1] Federal courts in New York have applied Rule 12(b)(6) and not N.Y. C.P.L.R. § 3211(g) to motions to dismiss SLAPP claims brought in federal court. Douglas v. New York State Adirondack Park Agency, 895 F. Supp. 2d 321, 384-85 (N.D.N.Y. 2012) (applying Fed. R. Civ. P. 12(b)(6) and not N.Y. C.P.L.R. § 3211(g) to state law claims in an action where jurisdiction was based on a federal question), Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead, 98 F. Supp. 2d 347, 360 (S.D.N.Y. 2000) (Memorandum Decision of Magistrate Judge Lisa M. Smith) (applying Rule 56, Fed. R. Civ. P., and not N.Y. C.P.L.R. §§ 3211(g) or its summary judgment equivalent, 3212(h) to state law claims in an action where jurisdiction was based on a federal question). The First, Fifth, and Ninth Circuits have held that state anti-SLAPP procedures apply in federal courts. Godin v. Schencks, 629 F.3d 79, 88 (1st Cir. 2010), Henry v. Lake Charles American Press, L.L.C., 566 F.3d 164, 168-69 (5th Cir. 2009), Batzel v. Smith, 333 F.3d 1018, 1025-26 (9th Cir. 2003). The Second Circuit has held that the California anti-SLAPP statute applied when a New York district court, sitting in diversity, applied California choice of law rules. Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 156 (2d Cir. 2013). District courts in Illinois, the District of Columbia, and Massachusetts have adjudicated dispositive motions in anti-SLAPP cases in federal courts based on Rules 12 and 56, not state anti-SLAPP statutes. Intercon Solutions, Inc. v. Basel Action Network, ___ F. Supp. 2d ___, 12 Civ. 6814, 2013 WL 4552782, at *23 (N.D.Ill. Aug. 28, 2013), 3M Co. v. Boulter, 842 F. Supp. 2d 85, 108 (D.D.C. 2012), South Middlesex Opportunity Council, Inc. v. Framingham, 07 Civ. 12018 (DPW), 2008 WL 4595369, at *11 (D.Mass Sept. 30, 2008).

basis in fact and law." Sections 70-a and section 76-a do not define "substantial basis in fact and law." Zalmayev contends that the dismissal of Egiazaryan's complaint demonstrates an absence of substantial basis in fact and law, contending that a "substantial basis in fact and law" would require more than failure to state a claim. This Court finds that in this case, Zalmayev has not demonstrated that Egiazaryan's complaint lacked a substantial basis in fact and law, despite prevailing on the motion to dismiss under Rule 12(b)(6).

### a. New York Anti-SLAPP Law

Zalmayev urges that the "substantial basis in fact and law" standard requires a greater demonstration from the plaintiff than a "claim for relief that is plausible on its face." The Court finds that a claim may be dismissed for failure to state a claim but nonetheless have a substantial basis in fact and law. Both federal and state courts in New York have determined that complaints identified as SLAPP suits under New York law which do not survive a motion to dismiss or a motion for summary judgment may still have a "substantial basis in fact and law." In In re West Branch Conservation Assoc., Inc. v. Planning Board, 222 A.D.2d 513, 515 (2d Dep't 1995), the Second Department noted that:

> Although the Supreme Court granted the branch of the petitioners' motion which was to dismiss Hi-Tor's counterclaim, it denied the branch of the motion which was for costs and attorneys' fees. . . . [T]he Civil Rights Law does not mandate the imposition of costs and attorneys' fees in every situation in which such a claim is interposed. Indeed, to the contrary, Civil Rights Law § 70-a(1)(a) provides, in pertinent part, only that "costs and attorney's fees <u>may</u> be recovered" upon a demonstration that a frivolous claim has been interposed against a party in an action involving "public petition and participation." Accordingly, while it is clear that "New York State public policy strongly disfavors SLAPP suits designed to chill the exercise of a citizen's right to petition the government or appropriate administrative agency for redress of a perceived wrong," it is also clear that the unambiguous use of the term "may" in the statute makes the decision to award attorneys' fees and costs discretionary rather than mandatory. We discern no improvident

> exercise of the court's discretion in declining to award costs and
> attorneys' fees under the circumstances of this case.

(emphasis in original) (citations omitted). The West Branch Court indicated that it is within the trial court's discretion to determine whether a defendant established that a plaintiff's claims lacked a substantial basis in fact and law such that an award of fees would be appropriate. It found that under the circumstances of the case, the trial court properly exercised its discretion to not award attorney's fees.

Courts have declined to award fees under N.Y. Civil Rights Law § 70-a even when the complaint upon which the anti-SLAPP motion is based is dismissed for failure to state a claim. In Friends of Rockland Shelter Animals, Inc. v. Mullen, 313 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2004), the late Judge Conner held that, "[E]ven if [Plaintiff's] action is a SLAPP suit within the meaning of the statute, defendants are not entitled to damages. [Plaintiff's] suit was commenced under a cognizable legal theory and it presented facts that tended to show some of [defendant's] statements were misleading. [T]he arguments presented by the defendants in their twenty-five page Memorandum of Law convinced the court that their activities were protected . . . . Although we found [Plaintiff's] argument unpersuasive, it is not frivolous." He dismissed the defendants' anti-SLAPP counterclaim at the same time it dismissed the plaintiff's claim, finding that plaintiff's claim, while not stating a claim for relief under Fed. R. Civ. P. 12(b)(6), was commenced and continued with a substantial basis in fact and law. See also Clemente v. Impastato, 290 A.D.2d 864, 865 (3d Dep't 2002) ("[W]e conclude that plaintiff's defamation action, although now dismissed, was commenced with a substantial basis in fact and law.").

### b. Similarly Worded Statutes Require More than a Mere Failure to State a Claim

Utilizing similar language to New York Civil Rights Law § 70-a(1)(a), New York State Finance Law § 137(4)(C) provides for attorney's fees in actions arising from payment

- 6 -

bonds related to public contracts when "upon reviewing the entire record, it appears that either the original claim or the defense interposed to such claim is without substantial basis in fact or law." N.Y. State Fin. Law § 137(4)(C).

Section 137(4)(C) imposes a greater burden on the movant than the demonstration required to prevail on a motion to dismiss. Export Dev. Canada v. Elec. Apparatus & Power L.L.C., 03 Civ. 2063 (HBP), 2008 WL 4900557, at *19, (S.D.N.Y. Nov. 14, 2008) (Opinion and Order of Magistrate Judge Henry B. Pitman) ("Although I find [Plaintiff's] claims to be unavailing, I cannot conclude that they lack any plausible basis. . . . Accordingly, I decline to award attorney's fees to [defendant] pursuant to Section 137."); see also Conesco Indus. Ltd. v. St. Paul Fire and Marine Ins. Co., 210 A.D.2d 596, 599 (3rd Dep't 1994) (determining attorney's fees were inappropriate because "we cannot say that the defenses asserted by defendant, although ultimately unsuccessful, were without a substantial basis in law or fact."), Cleveland Wrecking Co. v. Nova Casualty Co., 00 Civ. 1003 (SC), 2001 WL 1823604, at * 4 (W.D.N.Y. Nov. 21, 2001) ("Although this Court has rejected defendant's defenses, the undersigned opines that plaintiff has not put forth sufficient proof to raise a genuine issue of material fact that defendant's acts in contesting the payments rose to either of these standards.").

In affirming the trial court's award of fees under section 137(4)(C), the Third Department held that, "the fact that Colonial's defense to the underlying claim was unsuccessful is not enough to warrant an award of counsel fees pursuant to State Finance Law § 137(4)(C)." Erie Materials, Inc. v. Universal Group of New York, Inc., 101 A.D.3d 1529, 1531 (3rd Dep't 2012). The court held that the defendant had aggressively defended the plaintiff's entire claim, although only a small portion of the claim was in dispute and conceded legal arguments on

appeal that it had pursued in the Supreme Court. Under these circumstances, the Third Department found no error in the award of fees to the plaintiff.

The Second Circuit had occasion to construe a similarly worded Connecticut statute. It held that claims have a substantial basis in fact and law when they are "tenable." Elgard Corp. v. Brennan Const. Co., 388 F.3d 30, 38 (2d Cir. 2004). Connecticut General Statute § 49-42(a), like New York State Finance Law § 137(4)(C), provides for attorney's fees in disputes arising from bonded public work contracts when, "upon reviewing the entire record, it appears that either the original claim, the surety's denial of liability, or the defense interposed to the claim is without substantial basis in fact or law." Conn. Gen. Stat. § 49-42(a). In Elgard, the Second Circuit found that "[t]he original claim and American's denial of it were both tenable . . . . There was, however, no substantial basis in fact or law for the estoppels defense interposed by [defendants] . . . ." Elgard Corp., 388 F.3d at 38. Reviewing the facts, the Second Circuit determined that "it is hard to find any factual basis for defendants' assertions . . . . Defendants' estoppels defense therefore had no substantial basis in fact, and the district court's denial of attorney's fees rests on untenable grounds." Id. (internal quotation marks omitted). The Second Circuit indicated that claims had a "substantial basis in fact and law" if they were "tenable," but lacked a substantial basis in fact and law if there was no "factual basis for [the] assertions."

In the context of its version of an anti-SLAPP statute, a Delaware court has found that a complaint may have "a substantial basis in fact and law" even if it does not withstand a motion for summary judgment. In Nichols v. Lewis, 08 Civ. 1758 (VCS), 2008 WL 2253192, at *6 (Del. Ch. May 29, 2008) (Strine, V.C.) aff'd, 956 A.2d 31 (Del. Super. Ct. 2008), Vice Chancellor Strine denied an award of attorney's fees in an anti-SLAPP case, noting that the fact that a complaint implicated the anti-SLAPP statute did not suggest that the complaint necessarily

lacked a substantial basis. "What [the anti-SLAPP statute] does is select a broad category of potentially vexatious lawsuits and provide the defendants in those actions with certain procedural advantages, to ensure that citizens who exercise their right to oppose certain development activities are not subjected to frivolous lawsuits designed to penalize them from speaking out and to deter them from continuing to do so." Id. "The anti-SLAPP statute does not require fee shifting simply because a plaintiff who files a suit implicating the statute ultimately fails to prove its claim. Rather, the fee shifting provision is triggered by a showing that the plaintiff has exacted an unjustified toll on a citizen's right to oppose a development plan, by pressing claims that have no substantial basis in fact or law." Id. at 8.

In contrast, courts in Utah and Nebraska have interpreted the "substantial basis in fact and law" standard in a SLAPP claim as a greater burden on the plaintiff than the standard on a motion to dismiss or a motion for summary judgment, and accordingly, have granted SLAPP defendants' claims for attorney's fees. The Utah Supreme Court has held that a refusal to dismiss a lawsuit at the summary judgment stage was insufficient to demonstrate that the complaint had a substantial basis in fact and law. Anderson Development Co. v. Tobias, 116 P.3d 323, 337 (Utah 2005). The court held that "Because dismissal of a claim based on either a motion to dismiss or a motion for summary judgment denies the nonmoving party of the right to litigate his claim on the merits, the threshold for surviving such a motion is relatively low. Meeting this threshold does not equate to a demonstration that the claims are supported by a substantial basis in fact and law." Id. (internal citations omitted). The Court of Appeals of Nebraska endorsed the Utah Supreme Court's view in Sand Livestock Sys. v. Svoboda, 756 N.W.2d 299, 316 (Neb. App. 2008). "[W]e conclude that meeting the summary judgment threshold in this case was not the equivalent of demonstrating that the defamation suit was

supported by a substantial basis in fact and law. In ruling on the motions for summary judgment, the district court simply found genuine issues of material fact as to both the defamation suit and the counterclaim." Id. at 316.

This Court adopts a view consistent with that taken by the Second Department in West Branch, the Second Circuit in Elgard, and the Delaware Chancery Court in Nichols. A dismissal for failure to state a claim does not necessarily determine that a claim lacks a substantial basis in fact and law. The "substantial basis in fact and law" standard is distinct from the standard to grant dismissal for failure to state a claim under Rule 12(b)(6), which requires a plaintiff to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the defendant need not demonstrate that the plaintiff's claim was frivolous as defined by New York law ("completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," N.Y. Comp. Codes R. & Regs. 22 § 130-1(c)(1)), the defendant needs to demonstrate that the claims were not tenable, or lacked considerable factual or legal basis. Although Zalmayev established that Egiazaryan failed to state a claim under Rule 12(b)(6), this conclusion alone does not demonstrate that Egiazaryan's claim lacks a substantial basis in fact and law.

### IV. The Action was Commenced and Continued with a Substantial Basis in Fact and Law

This Court may award Zalmayev attorney's fees and costs if he demonstrates that the action was commenced or continued without a substantial basis in law and fact and could not be supported by a substantial argument for the extension, modification, or reversal of existing law. Although the Court adheres to its ruling in Egiazaryan II that Zalmayev's statements were matters of opinion, Egiazaryan's complaint did not lack a substantial basis in fact and law.

a. Initial Complaint

The Court's analysis of the statements in Counts II, III, and IV, which were evaluated in both motions to dismiss, reflects that Egiazaryan had a substantial basis in fact and law for bringing the action. Zalmayev at no time denied making the statements which Egiazaryan attributed to him in the complaint.

The Court's analysis in Egiazaryan I focused on whether Egiazaryan, an "elected public servant representing the Russian people as a member of the Russian Duma" and an individual who could "secure more than one billion dollars in funding for his hotel project, including arranging one of the largest loans ever made for a real estate project in Russia. . . . with his own interest in the Hotel project and another project," was a public figure. Egiazaryan I, 2011 WL 6097136, at *4 (internal quotations omitted). The law regarding whether a former foreign public official is considered a public official or public figure such that he must allege actual malice and falsity to state a claim for defamation is not well settled. Egiazaryan I, at *4. The Court determined that Egiazaryan was a public figure, and, accordingly, analyzed his claims for defamation under the defamation standard applicable to public figures, requiring allegations of actual malice and falsity.

In Egiazaryan I, the Court also considered whether the action was a SLAPP suit. New York Civil Rights Law § 76-a(2) provides that in order to recover damages, a plaintiff in a SLAPP action must establish actual malice by clear and convincing evidence. No New York court had previously addressed whether an asylum petitioner was considered a "public applicant or permittee" under N.Y. Civ. Rights Law § 76-a(1)(b). This Court determined that Egiazaryan was a public applicant because "[a] grant of asylum entails privileges that might be deemed permissions or entitlements of the same nature as the ones listed, including the right to remain and to work in the United States." Egiazaryan I, 2011 WL 6097136 at 11.

The Court dismissed Counts III and IV on the basis that Egiazaryan did not sufficiently allege actual malice – a demonstration that would have been unnecessary had the Court determined that Egiazaryan was not a public figure and that the action was not considered a SLAPP action under New York law.

### b. Amended Complaint

Egiazaryan's amended complaint alleged that Zalmayev made statements which at first blush appeared to be factual statements, but, upon a close reading of New York law regarding statements of fact and opinion, were actually statements of opinion. The determination that these statements were opinion required a close examination of the words in their context. The Court determined that Counts I and II did not state a claim because the articles appeared in the "opinion" section of the newspapers in which they were published and the overall tone of the article indicated that the author was voicing a highly partisan point of view. Egiazaryan II, 880 F. Supp. 2d at 507-09. The Court concluded that Count III did not state a claim because it alleged that Zalmayev made false factual statements which were not specifically about Egiazaryan or were not provable enough to be considered factual statements, and that the statements in the letters which directly referred to Egiazaryan were "allegations to be investigated." Egiazaryan II, 880 F. Supp. 2d at 511. The Court found that Count IV did not state a claim because the allegedly false statements that Egiazaryan was anti-Semitic or anti-American were statements of opinion. Egiazaryan II, 880 F. Supp. 2d at 512-13. A statement that an individual is an anti-Semite can, in some contexts, constitute a defamatory statement of fact. R & R, 2013 WL 6486258, at *9. On this basis, it was reasonable for the plaintiff to argue that defendant's statement could have been understood as a factual statement. But, based on the nature and context of Zalmayev's statements, this Court found that the statements alleged in the complaint were opinion.

Although this Court found that the statements were statements of opinion, Egiazaryan's claims were not without a substantial basis in fact and law. In Egiazaryan I, the Court expressed the view that certain of Egiazaryan's allegations asserted false statements of fact. But in Egiazaryan II, upon a closer analysis of the surrounding context, the Court concluded that these same statements were actually statements of opinion. Compare Egiazaryan I, 2011 WL 6097136, at *7 (letters "imply as fact that Egiazaryan was complicit in the mismanagement or misappropriation of humanitarian funds.") with Egiazaryan II, 880 F. Supp. 2d at 511 ("The author is asserting an opinion about Egiazaryan's shared supervisory responsibility, not asserting facts about Egiazaryan's personal actions."). This evolution in the Court's own thinking and the detailed analysis of the claim required to dispose of the second motion to dismiss supports the conclusion that Egiazaryan's failed claims had a substantial basis for them.

The Court adheres to its prior decisions granting motions to dismiss, but concludes that Egiazaryan's claims were tenable and had a substantial factual basis. Although the statements were determined to be non-defamatory, the detailed analysis necessary to dispose of the claims supports the conclusion that the action was commenced and continued with a substantial basis in fact and law. See Friends of Rockland Shelter Animals, Inc. v. Mullen, 313 F. Supp. 2d at 344-45 and n.3.

### V. The Action was Commenced and Continued with a Substantial Argument for the Extension, Modification or Reversal of Existing Law

The line between claims that have a substantial basis in fact and law and claims that make a substantial argument for the extension, modification or reversal of existing law is far from clear in this case. Nevertheless, as an alternate ground for the grant of the motion, this Court adopts Section III.A of the R & R.

## VI. Alternate Discretionary Grounds

Because the Court has concluded that no reasonable factfinder could find that Egiazaryan's action lacked a substantial basis in fact and law or was continued without a substantial argument for the extension, modification or reversal of existing law, the Court need not reach the alternative basis set forth in Section III.C of the R & R.

## VII. Other Damages

Because the Court has determined that Egiazaryan's action was commenced and continued with a substantial basis in law and fact, Zalmayev's application for compensatory and punitive damages under N.Y. Civil Rights Law § 70-a(1)(b) and (c) must be dismissed. Section 70-a(1)(b) provides the Court discretion to award compensatory damages upon an "additional demonstration that the action involving public petition and participation was commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." (emphasis added). Section 70-a(1)(c) provides the Court discretion to award punitive damages upon "an additional demonstration that the action involving public petition and participation was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." (emphasis added). Because Zalmayev has not established that Egiazaryan's claims lacked a substantial basis in fact and law, he is unable to demonstrate that an award of compensatory or punitive damages would be appropriate. Accordingly, the Court need not reach the alternative basis set forth in Section III.B of the R & R.

## CONCLUSION

The Court has considered each of Zalmayev's objections to the R & R. Because no reasonable factfinder could find that Egiazaryan's claims lacked a substantial basis in law and

fact or a substantial argument for the extension, modification or reversal of existing law, the Court adopts the conclusion of the R & R that Egiazaryan's motion for summary judgment should be and hereby is GRANTED, and that Zalmayev's motion for summary judgment should be and hereby is DENIED. The reasoning of the R & R is modified and expanded only insofar as inconsistent with this Memorandum and Order. The Clerk shall enter final judgment dismissing all claims of all parties. The case is closed. All motions are terminated.

    SO ORDERED.

                                                                                       P. Kevin Castel
                                                                               United States District Judge

Dated: New York, New York
       March 19, 2014